UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60146-CIV-COHN/SELTZER

VALLEY FORGE FABRICS, INC.,
A Florida Corporation

       Plaintiff,

v.

CHRISTOPHER FARR CLOTH OF LONDON,
A UK Company, and
CHRISTOPHER FARR USA, INC.,
A California Entity,

       Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LIMITED JURISDICTIONAL DISCOVERY AND IN THE ALTERNATIVE MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS

**THIS MATTER** is before the Court upon Plaintiff Valley Forge Fabrics, Inc.'s Motion for Limited Jurisdictional Discovery and in the Alternative Motion for Enlargement of Time to Respond to Defendant Christopher Farr USA, Inc.'s ("CF USA's") Motion to Dismiss [DE 55] ("Motion for Discovery or Enlargement of Time). The Court has considered the Motion for Discovery or Enlargement of Time, Defendant's Response to Plaintiff's Motion for Limited Jurisdictional Discovery [DE 63], Plaintiff's Reply in Support of Motion for Expedited Jurisdictional Discovery and in the Alternative Motion for Leave to Amend the Complaint [DE 64], Defendant's Response to Plaintiff's Alternative Motion for Leave to Amend the Complaint [DE 65], and is fully advised in the premises.

      Plaintiff seeks the Court's permission to conduct limited and expedited discovery on personal jurisdiction, as well as a 45-day jurisdictional discovery period and an

additional week to file its response in opposition to CF USA's Amended Motion to Dismiss for Lack of Personal Jurisdiction [DE 49] ("Motion to Dismiss").  Alternatively, Plaintiff seeks an extension of time to respond to the Motion to Dismiss, see DE 55, or leave to amend its Complaint, see DE 64.  Defendant CF USA opposes Plaintiff's request for discovery and alternative requests for an extension of time or leave to amend, but requests that in the event the Court does order jurisdictional discovery, the discovery should be limited to the disputed jurisdictional facts and not address the merits, and the discovery should be carried out so as to minimize expense to Defendant CF USA.  DE 63 at 25; see also Gleneagle Ship Mgmt. Co. v. Leonakis, 602 So. 2d 1282, 1284 (Fla. 1992).

"[F]ederal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits."  Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 729 (11th Cir.1982) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)); see also Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC, No. 08-80017, 2008 WL 1771857, at *1 (S.D. Fla. April 15, 2008).  "Where issues arise as to jurisdiction or venue, discovery is available to ascertain facts bearing on such issues."  Oppenheimer, 437 U.S. at 351 n. 13.  "[If] the jurisdictional question is genuinely in dispute and the court cannot resolve the issue in the early stages of the litigation . . . [then] discovery will certainly be useful and may be essential to the revelation of facts necessary to decide the issue."  Eaton, 692 F.2d at 730 n.7.  As there is a jurisdictional question genuinely in dispute in this case, the Court finds it appropriate to allow discovery of the facts necessary to resolve the personal jurisdiction issue.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Limited Jurisdictional Discovery and in the Alternative Motion for Enlargement of Time to Respond to Defendant's Motion to Dismiss [DE 55] is **GRANTED in part**.

2. Plaintiff shall be permitted to conduct limited and expedited discovery on personal jurisdiction up to and including **January 10, 2011**. The discovery should not address the merits of the case, and should be carried out so as to minimize expense to Defendant. Defendant shall respond to written discovery requests directed to the issue of personal jurisdiction within fifteen (15) days of service thereof.

3. Plaintiff shall file its Response to the Motion to Dismiss no later than **January 14, 2011**. Defendant may file a Reply no later than **January 24, 2011**.

4. Plaintiff's alternative requests for an enlargement of time to respond to Defendant's Motion to Dismiss, see DE 55, 64, and for leave to amend the Complaint, see DE 64, are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 29th day of November, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF